UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Demetrius Lashawn Capers, | ) | Crim. No.: | 4:07-cr-00803-RBH-8 |
|---|---|---|---|
| | ) | Civ. No.: | 4:16-cv-01333-RBH |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | **ORDER** | |
| | ) | | |
| United States of America, | ) | | |
| | ) | | |
| Respondent. | ) | | |

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 734. The Government has filed a motion for summary judgment. *See* ECF No. 744. The Court denies Petitioner's § 2255 motion and grants the Government's motion for summary judgment for the reasons herein.[1]

**Background**

On January 4, 2008, Petitioner pled guilty pursuant to a written plea agreement to one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), and 846. *See* ECF Nos. 18, 175, & 189. The presentence investigation report ("PSR") prepared by the U.S. Probation Office determined Petitioner was a career offender under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1[2] based on his prior South Carolina convictions for assault and battery of a high

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010).

[2] To qualify as a career offender under U.S.S.G. § 4B1.1, *inter alia*, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Section 4B1.2(a) defines a "crime of violence" as used in § 4B1.1.

1

and aggravated nature ("ABHAN") and distribution of crack cocaine. *See* PSR [ECF No. 361]. Petitioner's resulting advisory guideline range was 262 to 327 months' imprisonment. *Id.* at ¶ 146.

On September 17, 2008, the Court adopted the PSR, determined Petitioner was a career offender, granted the Government's motion for a downward departure, and sentenced Petitioner to 188 months' imprisonment, followed by a term of supervised release of ten years. *See* ECF Nos. 332 & 373. Judgment was entered on September 23, 2008. *See* ECF No. 373. Petitioner did not appeal. In September 2010, the Court granted the Government's motion to reduce Petitioner's sentence pursuant to Fed. R. Crim. P. 35(b). *See* ECF Nos. 456, 465, & 476. An amended judgment was entered on September 24, 2010, reducing Petitioner's 188-month sentence to 140 months. *See* ECF No. 478.

On April 24, 2016, Petitioner filed the instant § 2255 motion.[3] *See* ECF No. 734. On May 5, 2016, the Government filed a response in opposition and a motion for summary judgment. *See* ECF Nos. 743 & 744. On August 1, 2016, Petitioner filed a response in opposition to the Government's motion for summary judgment. *See* ECF No. 761.

## **Legal Standard**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The district court need not hold an evidentiary hearing on a § 2255 motion

---

[3]   Petitioner did not file a prior § 2255 motion. Petitioner was pro se when he filed the motion, but counsel subsequently appeared on his behalf. *See* ECF No. 748. This action was previously stayed (with the parties' consent) pending the Fourth Circuit's decision in *In re Hubbard*, 825 F.3d 225 (4th Cir. 2016). *See* ECF No. 753.

if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see generally* Rule 12 of the Rules Governing Section 2255 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v. Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks omitted).

## **Discussion**

In his § 2255 motion and related filings, Petitioner claims he is entitled to be resentenced in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* ECF Nos. 734, 750-1, & 761. He argues

*Johnson* implicitly invalidated the former residual clause of U.S.S.G. § 4B1.2(a)[4] as unconstitutionally vague, and therefore his prior South Carolina conviction for common law ABHAN cannot qualify as a crime of violence under that residual clause. He further contends this conviction is not a crime of violence under the force clause or the former enumerated offense clause of § 4B1.2(a).[5]

The Court must deny Petitioner's § 2255 motion for multiple reasons. First, a petitioner generally may not use 28 U.S.C. § 2255 to challenge the calculation of his advisory guideline range. *See United States v. Foote*, 784 F.3d 931, 935–36 (4th Cir. 2015); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999); *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999). In *Foote*, the Fourth Circuit held a § 2255 motion that was based on a subsequently-nullified career offender designation was not a fundamental defect, as required to challenge a sentence on a motion to vacate. *See* 784 F.3d at 940. Under *Foote*, Petitioner's claim—that he was improperly designated a career offender based on a prior offense that is no longer a crime of violence—is not cognizable on collateral review. Petitioner has also failed to demonstrate a fundamental defect or miscarriage of justice.

---

[4] U.S.S.G. § 4B1.2(a) defines a "crime of violence" as used in § 4B1.1 (the career offender guideline). Section 4B1.2(a)(2) formerly defined a crime of violence in part as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another [the "force clause"], or . . . is burglary of a dwelling, arson, or extortion, involves use of explosives [the "enumerated offense clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"]." U.S.S.G. § 4B1.2(a) (2007). This quoted text is the version of § 4B1.2(a) that was in effect at the time of Petitioner's sentencing in 2008. In *Johnson*, the Supreme Court held the identically worded residual clause of the Armed Career Criminal Act defining a violent felony was unconstitutionally vague. *See* 135 S. Ct. at 2555–57.

In 2016, the Sentencing Commission amended § 4B1.2(a), effective August 1, 2016, by, among other things, deleting the residual clause and revising the "enumerated offense clause." The Commission explained that the change was made because of a lack of clarity in the residual clause that had prompted a significant amount of litigation, particularly after *Johnson*. Amend. 798, U.S.S.G. app. C, at 127–30 (Supp. Nov. 1, 2016).

[5] The Court recognizes that after it sentenced Petitioner in 2008, the Fourth Circuit subsequently held a South Carolina conviction for common law ABHAN cannot qualify as predicate crime of violence under the Sentencing Guidelines. *See United States v. Montes-Flores*, 736 F.3d 357 (4th Cir. 2013). However, Petitioner still is not entitled to relief, as explained below.

Second, the Supreme Court in *Beckles v. United States* declined to extend *Johnson* to the Guidelines, holding "that the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. at 895. Accordingly, Petitioner cannot seek relief under *Johnson*, and his petition is untimely (as argued in the Government's response in opposition, *see* ECF No. 743 at p. 1).[6]

For the above reasons, the Court will deny Petitioner's § 2255 motion and grant the Government's motion for summary judgment.

### **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*,

---

[6] Section 2255 motions are subject to a one-year statute of limitations, which begins running from the latest of, *inter alia*, "(1) the date on which the judgment of conviction becomes final" or, at issue here, "(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f). As indicated above, *Johnson* is inapplicable, and therefore the statute of limitations began running the date that Petitioner's judgment of conviction became final. "Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal." *United States v. Walker*, 194 F.3d 1307, 1999 WL 760237, at *1 (4th Cir. 1999) (unpublished table decision) (citing *Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999), and *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999)). A criminal defendant must file a notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). Petitioner did not file a direct appeal, so his judgment of conviction became final on October 7, 2008, which was fourteen days after judgment was entered. Petitioner filed his instant § 2255 motion over seven years later in April 2016, and therefore it is untimely. Also, Petitioner has not demonstrated a circumstance warranting the extraordinary remedy of equitable tolling. *See generally Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (discussing equitable tolling).

529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## **Conclusion**

The Court **GRANTS** Respondent's motion for summary judgment [ECF No. 744] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [ECF No. 734]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner's motions to appoint counsel and proceed in forma pauperis [ECF Nos. 738, 750, & 751] are **MOOT.**

**IT IS SO ORDERED.**

Florence, South Carolina
July 13, 2018

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge